IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LINDA FLINT EDGE,
    Plaintiff,

v.

COMMONWEALTH RECEIVABLES, INC.
and CHAD E. GOLDSTONE,
    Defendants.

04 10578 RCL

MAGISTRATE JUDGE _____

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 3/24/04

## COMPLAINT

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

### PARTIES

3. Plaintiff, Linda Flint Edge, is a natural person residing in Boston, Massachusetts.

4. Defendant Commonwealth Receivables, Inc. (hereafter "Commonwealth") is a Massachusetts corporation with a place of business at 45A Flanagan Drive, Framingham, Massachusetts, and is engaged in the business of collecting debts in Massachusetts.

5. Commonwealth regularly attempts to collect debts alleged to be due another and is a debt collector as that term is defined in FDCPA § 1692a(6).

6. On information and belief, Commonwealth is not licensed in the Commonwealth

of Massachusetts as a debt collector with the Massachusetts Division of Banks as required by M.G.L. ch. 93 §§ 24-28 in order to collect debts within Massachusetts.

7. Defendant Chad E. Goldstone (hereafter"Goldstone") is a natural person and is the President, Treasurer and Clerk of Commonwealth.

8. Goldstone regularly attempts to collect debts alleged to be due another and is a debt collector as that term is defined in FDCPA § 1692a(6).

9. On information and belief, Goldstone is not licensed in the Commonwealth of Massachusetts as a debt collector with the Massachusetts Division of Banks as required by M.G.L. ch. 93 §§ 24-28 in order to collect debts within Massachusetts.

## FACTUAL ALLEGATIONS

10. On or about December 12, 2002, Defendants filed an action against Plaintiff in Boston Municipal Small Claims Court in an attempt to collect an alleged debt to First Card Visa (hereafter "debt").

11. On or about March 25, 2003, Defendants mailed a letter to Plaintiff in their attempt to collect the debt. A copy of this letter is attached hereto as **Exhibit 1**.

12. On or about March 26, 2003, Defendants mailed a letter to Plaintiff in their attempt to collect the debt. A copy of this letter is attached hereto as **Exhibit 2**.

13. On or about May 22, 2003, Defendants mailed a letter to Plaintiff in their attempt to collect the debt. A copy of this letter is attached hereto as **Exhibit 3**.

14. On or about May 27, 2003, Defendants mailed a letter to Plaintiff in their attempt to collect the debt. A copy of this letter is attached hereto as **Exhibit 4**.

15. On or about July 28, 2003, Defendants mailed a letter to Plaintiff in their attempt

to collect the debt. A copy of this letter is attached hereto as **Exhibit 5**.

16. On or about October 9, 2003, Defendants mailed a letter to Plaintiff in their attempt to collect the debt. A copy of this letter is attached hereto as **Exhibit 6**.

17. On or about November 25, 2003, Defendants mailed a letter to Plaintiff in their attempt to collect the debt. A copy of this letter is attached hereto as **Exhibit 7**.

18. On or about January 16, 2004, Defendants mailed a letter to Plaintiff in their attempt to collect the debt. A copy of this letter is attached hereto as **Exhibit 8**.

19. On or about February 19, 2004, Defendants mailed a letter to Plaintiff in their attempt to collect the debt. A copy of this letter is attached hereto as **Exhibit 9**.

## CAUSE OF ACTION

20. Defendants have violated §§ 1692e and 1692f of the FDCPA.

## PLAINTIFF'S DAMAGES

21. As a result of Defendants' violations of the FDCPA described above, the Plaintiff suffered actual damages, including payments to Commonwealth on the debt and emotional distress.

22. Plaintiff is entitled to her actual damages, pursuant to FDCPA § 1692k(a)(1).

23. Plaintiff is also entitled to an award of statutory damages, FDCPA § 1692k(a)(2)(A).

24. Plaintiff is entitled to her costs and attorney's fees pursuant to FDCPA § 1692k(a)(3).

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment for the Plaintiff and against Defendants in the amount of her

actual damages;

B. Enter judgment for the Plaintiff and against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k;

C. Award the Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Grant such other and further relief as may be just and proper.

Yvonne W. Rosmarin  BBO #566428
Law Office of Yvonne W. Rosmarin
58 Medford Street
Arlington, MA 02474
781-648-4040

## JURY DEMAND

Plaintiff demands trial by jury.

Yvonne W. Rosmarin

4