FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

2004 JUN 24  A 11: 50

U.S. DISTRICT COURT
DISTRICT OF MASS.

| |
|---|
| LINDA FLINT EDGE<br>           Plaintiff<br><br>v.<br><br>COMMONWEALTH RECEIVABLES, INC.<br>and CHAD E. GOLDSTONE<br>           Defendant |

CIVIL ACTION NO. 04-10578RCL

## DEFENDANTS' ANSWER TO COMPLAINT

The defendants Commonwealth Receivables, Inc. and Chad Goldstone answer the

complaint as follows:

### INTRODUCTION

1.      This paragraph states a conclusion of law to which no answer is required. To the

extent that a further answer is required, the allegations in this paragraph are denied.

### JURISDICTION

2.      The allegations in this paragraph are denied.

### PARTIES

3.      The allegations in this paragraph are admitted.

4.      Commonwealth Receivables, Inc. admits that it is a Massachusetts corporation

with a principal place of business in Framingham, Massachusetts. The remaining allegations in

this paragraph are denied.

5.      The allegations in this paragraph are denied.

6.      The allegations in this paragraph are denied.

7.     The allegations in this paragraph are admitted.

8.     The allegations in this paragraph are denied.

9.     The allegations in this paragraph are denied.

## FACTUAL ALLEGATIONS

10.     The defendants admit that a lawsuit was brought against the plaintiff and that the pleadings filed in connection with that suit speak for themselves. To the extent that a further answer is required, the allegations in this paragraph are denied.

11.     The defendants admit that a letter was mailed to the plaintiff on or about March 25, 2003, and that the letter speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

12.     The defendants admit that a letter was mailed to the plaintiff on or about March 26, 2003, and that the letter speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

13.     The defendants admit that a letter was mailed to the plaintiff on or about May 22, 2003, and that the letter speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

14.     The defendants admit that a letter was mailed to the plaintiff on or about May 27, 2003, and that the letter speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

15.     The defendants admit that a letter was mailed to the plaintiff on or about July 28, 2003, and that the letter speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

16.    The defendants admit that a letter was mailed to the plaintiff on or about October 9, 2003, and that the letter speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

17.    The defendants admit that a letter was mailed to the plaintiff on or about November 25, 2003, and that the letter speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

18.    The defendants admit that a letter was mailed to the plaintiff on or about January 16, 2004, and that the letter speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

19.    The defendants admit that a letter was mailed to the plaintiff on or about February 19, 2004, and that the letter speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

## CAUSE OF ACTION

20.    The allegations in this paragraph are denied.

## PLAINTIFF'S DAMAGES

21.    The allegations in this paragraph are denied.

22.    The allegations in this paragraph are denied.

23.    The allegations in this paragraph are denied.

24.    The allegations in this paragraph are denied.

## AFFIRMATIVE DEFENSES

### First

This action is barred by the Rooker-Feldman Doctrine.

### Second

The complaint fails to state a cause of action upon which relief can be granted.

### Third

This action is barred due to the failure of service of process and the insufficiency of process.

### Fourth

This action is barred by the expiration of the applicable limitations period.

### Fifth

This action is barred by the doctrines of Res Judicata, collateral estoppel, claim preclusion, and issue preclusion.

### Sixth

This action is barred by the doctrine of estoppel.

### Seventh

The defendants and their actions are not covered by the Fair Debt Collection Practices Act ("FDCPA").

### Eighth

The defendants are not creditors or debt collectors within the meaning of the FDCPA.

## Ninth

The defendants were not attempting to collect a debt within the meaning of the FDCPA.

## Tenth

Any possible violations of the FDCPA were unintentional and resulted from a bona fide error.

## Eleventh

The plaintiff has suffered no damages.

## Twelfth

The plaintiff is entitled to no statutory damages.

## Thirteenth

The plaintiff is entitled to no attorneys' fees.

ACCORDINGLY, the defendants request that the court enter judgment for the defendants dismissing this action in its entirety and awarding to the defendants their attorneys' fees and costs.

COMMONWEALTH RECEIVABLES, INC. and
CHAD E. GOLDSTONE

By their attorney,

John J. O'Connor
BBO # 555251
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Dated: June 24, 2004
591713

5

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the attached Defendants' Answer to Complaint by first class mail on the following:

Yvonne W. Rosmarin, Esq.
58 Medford Street
Arlington, MA  02474

Dated: June 24, 2004

John J. O'Connor

6